RATTENBURY *v.* COMMON COUNCIL OF VILLAGE OF NORTHVILLE.

INTOXICATING LIQUORS—SUPPRESSION OF SALE—HOTELS.

> A room in a hotel, set apart for the sale of intoxicating liquors at retail, is a saloon, within 1 Comp. Laws 1897, § 2769, subd. 7, authorizing villages to suppress saloons for the sale of liquors.

*Certiorari* to Wayne; Carpenter, J. Submitted November 22, 1899. Decided December 2, 1899.

*Mandamus* by George Rattenbury to compel the common council of the village of Northville to approve a liquor bond. From an order denying the writ, relator brings *certiorari*. Affirmed.

Relator, desiring to sell intoxicating liquors at retail under the provisions of the general liquor law of the State, presented to the common council a bond, duly executed, and being in form such a bond as is required to be approved by the common council and filed with the county treasurer before the applicant is entitled to enter upon the business. The respondent was organized under the village incorporation act of 1895 (1 Comp. Laws 1897, chap. 87). The common council refused to approve the bond. Thereupon the relator applied to the circuit court for the county of Wayne for the writ of *mandamus* to compel its approval. That court denied the writ, and the case is now before us for review upon the writ of *certiorari*. In his petition for the writ of *mandamus*, relator alleged that he had purchased certain real estate in the village of Northville, and was reconstructing a building situated thereon into a hotel, and that it was his purpose to conduct therein a hotel; that "he does not intend to keep a saloon for the sale of intoxicating liquors, but he desires to

sell spirituous, fermented, and other liquors in connection with the keeping of said hotel, and the entertainment of guests therein, and as provided by the laws of this State." The answer alleges that "it is the purpose and intention of said relator to conduct a bar for the sale of spirituous, intoxicating, and other liquors in connection with, and as a part of, a hotel." The council refused its approval, "because there is an ordinance on the books of the village suppressing the sale of spirituous and intoxicating liquors." The ordinance provides that "all saloons for the sale of spirituous and intoxicating liquors in the village of Northville shall be prohibited and suppressed," and further provides a penalty for its violation.

*C. C. Yerkes* (*John J. Speed,* of counsel), for relator.

*T. E. Tarsney* and *W. G. Fitzpatrick,* for respondent.

Grant, C. J. (*after stating the facts*). In disposing of this case we shall treat the bond as sufficient. The sole question, therefore, is, Is that place in a tavern or hotel, where intoxicating liquors are sold, within the inhibition of the ordinance? The statute provides that villages may, by ordinance, "suppress saloons for the sale of spirituous and intoxicating liquors, and license taverns." 1 Comp. Laws 1897, § 2769, subd. 7. Counsel for relator maintain that the room of a hotel, set apart for the sale of intoxicating liquors at retail, is not a saloon, within the meaning of the statute. The vice aimed at by the statute and the ordinance is the traffic in intoxicating liquors. The paraphernalia of the room in a tavern for selling liquors is the same as that of the place where the proprietor is solely engaged in that business. Its effect upon the community is the same. Probably no village tavern could afford to pay the United States government license and the State tax for the sole purpose of selling liquor to travelers alone. Residents will resort to the hotel saloon as frequently as they would resort to any other saloon. The general liquor law makes no distinction between the tavern keeper or the

grocery man who is a retail dealer in intoxicating liquors and those who engage exclusively in the business. They are all subject to the same regulations and restrictions. The tavern keeper is not restricted to sales to travelers who are his guests. The subterfuges to which many engaged in this business resort in order to evade the law is a matter of common knowledge, and we cannot close our eyes to this fact. It is the business, and not the place where it is carried on, which constitutes the saloon. It is manifest that, were the relator's contention to prevail, the power conferred upon villages to suppress this traffic would be practically annulled. Any one desiring to keep a saloon would set up as a tavern keeper, keeping a few rooms ostensibly for the accommodation of travelers, while his real business is the liquor traffic. Boarding houses would also soon develop into taverns.

The judgment is affirmed.

The other Justices concurred.